## No. 4583.

### SUCCESSION OF WALTER O. WINN—On application of O. K. HAWLEY, Public Administrator.

Construing the statute of twenty-eighth February, 1870, in connection with section 3990 of the Revised Statutes, the sense resulting from both is, that section 3990 of the Revised Statutes does not include within its general sweep the acts of the General Assembly during the session of 1870. On the contrary, the acts and joint resolutions of the General Assembly passed during the session of 1870 should take precedence of the act adopting the Revised Statutes, and be held as repealing in whole or in part any of those revised statutes that might be found to be in opposition or in conflict with the enactments or joint resolutions of the session of 1870.

APPEAL from the Parish Court, parish of Rapides. *Daigre,* J., *Bowman* for appellant.

Justices concurring: Ludeling, Taliaferro, Howell, Morgan.

TALIAFERRO, J. The executrix of Walter O. Winn, resident in the

State of Kentucky, and regardless of her duties as executrix of the estate of her deceased husband, the court, at the instance of one of the creditors of the estate, ordered that suit be instituted to divest her of the office, when O. K. Hawley, representing himself to be public administrator of the parish of Rapides, filed a petition on the twelfth of September, 1871, setting forth the non-residence of the executrix, and her neglect of duty, and praying that the order to institute the suit to divest her of office be addressed to him as public administrator of the parish; that she be dismissed from office, and that he be recognized as dative testamentary executor in pursuance of the provisions of an act of the Legislature "providing for the appointment of public administrators, and defining the duties of the same," approved March 5, 1870. Thereupon the executrix, by her attorney, filed an account, which was opposed by Hawley as public administrator. An exception was filed on the part of the executrix to the authority and right of Hawley to appear in the capacity he assumed, the ground being that the office of public administrator was abolished, and that no such office was then known to the law.

The exception was sustained, and Hawley, as public administrator, appealed.

The ground upon which the court *a qua* placed its judgment is, that the act of March 5, 1870, does not appear in the Revised Statutes adopted on the fourteenth March, 1870; that the last section of the Revised Statutes 3990 repeals all laws contrary to or in conflict with the provisions of the act adopting the Revised Statutes, and that the provisions of the Civil Code, Code of Practice and Revised Statutes, in regard to the appointment of administrators of estates and curators of vacant successions, are in direct antagonism to the act of March 5, 1870, establishing public administrators, etc., and that the adopting clause necessarily also repealed the repugnant act of twenty-eighth February, 1870.

We think the court erred. The purpose of the lawmaker expressed by the act No. 50, approved February 28, 1870, seems to have been to avoid the very difficulties that have arisen in this case, and which might have arisen in many other instances had they not been guarded against by the special statute of twenty-eighth February, 1870. Construing that statute in connection with section 3990 of the Revised Statutes, the sense resulting from both is that section 3990 of the Revised Statutes does not include within its general sweep the acts of the General Assembly passed during the session of 1870. On the contrary, that the acts and joint resolutions of the General Assembly passed during the session of 1870, should take precedence of the act adopting the Revised Statutes, and be held as repealing in whole or in part, any of those revised statutes that might be found to be in oppo-

-sition to or in conflict with the enactments or joint resolutions of the session of 1870.

It is therefore ordered that the judgment of the parish court be annulled and reversed. It is further ordered that this case be re-manded to the court of the first instance for further proceedings according to law, the appellee paying costs of appeal.

Wyly, J., being absent, took no part in this decision.